NIMMONS, Judge.
Appellant, William J. Harris, Jr., appeals, pursuant to the provisions of Section 447.-504, Florida Statutes, from a final order of the Public Employees Relations Commission (PERC) denying appellant’s veteran’s preference appeal which he filed pursuant to Section 447.207(9), Florida Statutes. Appellant alleged that Sarasota County (County), in failing to employ him for a position for which he was qualified, violated his veteran’s preference rights under Chapter 295, Florida Statutes. We affirm.
In January 1989, appellant applied for a job with Sarasota County advertised as *476 “manager of the County’s Information Center” within the job classification of “systems analyst.” The position required high school graduation with three years programming experience and one year system analysis work. Additionally, an in-depth knowledge of standard personal computer software (LOTUS, dBase, WordPer-fect and Novell) was required. Desirable qualifications were experience in developing corporate personal computer strategies and directing in-house PC training programs.
Appellant testified that because he had only one day to submit his resume after he saw the advertisement, he simply took the first resume he came to rather than attempting to tailor it to the specifications listed. He claimed to have other resumes that emphasize experience suitable for positions requiring software rather than hardware applications, but, because of the press of time, did not submit them.
Darryl Goebel, Manager of the County’s Management Information Services, testified that the resumes of approximately 80 applicants were received. He said that, .based upon the information submitted by appellant, he determined that appellant was engineering and hardware oriented, rather than user support oriented. Appellant’s resume did not indicate to Goebel that appellant had “supported training, developed classes, developed expertise in certain products,” all experiences the County was looking for. Nor did it list any experience with two of the key software programs designated in the advertisement.
Goebel testified that he reviewed the resumes in depth and then separated them into three categories — A, B and C. The “A” category resumes were deemed well qualified, the “B” category resumes were deemed qualified; and the “C” category resumes exhibited none of the background qualities desired. Goebel repeatedly reviewed each of the resumes since there were other positions available for which the “B” or “C” list candidates may have been qualified. Harris’ resume was consistently placed in the “C” stack because Goebel determined appellant to be engineering and hardware systems oriented with technical experience in equipment not compatible with the system used by the County. The County was seeking applicants whose background emphasized training and user support of personal computers utilizing particular types of software. In short, Goebel determined that appellant was not minimally qualified for the position and did not process his application further.
In his recommended order, the hearing officer, based upon evidence of appellant’s qualifications over and above that which was revealed by appellant’s resume, determined that appellant was qualified for the position. Although finding that the individual hired for the position, Steven Vlahon, was more qualified than appellant, the hearing officer concluded that the County violated Sections 295.07 and 295.085, Florida Statutes, by not providing a preference to appellant at each step of the hiring process. The hearing officer recommended that appellant be given an opportunity to fill any open position for which he was qualified at, or subsequent to, the time he submitted his application, regardless of whether the position is currently vacant or filled.
PERC adopted the hearing officer’s findings of fact as its own. However, PERC concluded that it was error for the hearing officer to charge the County with knowledge, at the time it made the decision to eliminate appellant from the interview pool, of appellant’s qualifications over and above that which was revealed by appellant’s resume. PERC therefore held that the County did not violate Chapter 295 by eliminating appellant from further consideration at the resume review stage of the hiring process.
PERC also found that even if the appellant were legitimately deemed, at the resume review stage, to possess the minimum qualifications for the position, the appellant would not be entitled to preference over and above the more qualified applicant. PERC stated that in order to prevail, Harris needed to demonstrate that he was as qualified or more qualified than the employee ultimately hired.
*477 We would note that Section 295.07, Florida Statutes, establishes four classes of veterans or spouses of veterans who shall be given preference in appointment and retention in positions of employment. Appellant falls under section 295.07(l)(c) which applies to:
(c) A veteran of any war who has served on active duty for 181 consecutive days or more, or who has served 180 consecutive days or more since January 31, 1955, and who was discharged or separated therefrom with an honorable discharge from the Armed Forces of the United States of America if any part of such active duty was performed during the wartime era. However, active duty for training shall not be allowable.
Appellant’s tour of duty with the Army in Vietnam lasted approximately four years, and his qualification under this section is undisputed.
The provisions of Section 295.08 apply to positions for which competitive examinations are given. Examination scores are augmented five or ten points depending upon which classification applies under Section 295.07. The statute also requires that certain veterans receive an absolute hiring preference:
... The names of persons eligible for preference shall be entered on an appropriate register or list in accordance with their respective augumented ratings. However, ... the names of all persons qualified to receive a 10 point preference whose service-connected disabilities have been rated by the Veteran’s Administration or the Department of Defense to be 30 percent or more shall be placed at the top of the appropriate register or employment list, in accordance with their respective augumented ratings.
The statute gives an absolute preference for veterans to be placed at the top of the employment list only if the candidate has a 30 percent or more disability rating. There are no provisions suggesting that veterans receiving a 5 or 10 point exam score augmentation be hired over more qualified non veterans.
The appellant falls within the provisions of Section 295.085, dealing with positions where examinations are not utilized. Viewing subsection (1) of that statute in light of the above discussion, it is evident that in situations where no competitive exam is given, a preference for veterans is to be given, but not an absolute preference. Section 295.085(1) provides:
(1) In all positions in which the appointment or employment of persons is not subject to a written examination, with the exception of those positions which are exempt pursuant to s. 295.07(2), preference in appointment and employment shall be given by the state and its political subdivisions first to those persons included under s. 295.07(l)(a) and (b), and second to those persons included under s. 295.07(l)(c) and (d), provided such persons possess the minimum qualifications necessary to the discharge of the duties involved.
Thus a hiring agency must give a preference to minimally qualified veterans, but are not directed to hire them over more qualified non veterans.
This point has been addressed on several occasions. In 1988, the Florida Attorney General issued an opinion, AGO 88-24, that stated:
While mandating veterans’ preference during the employment selection process, Ch. 295, F.S., by providing a means for reviewing the employment of a nonveter-an over a preferred veteran, contemplates that nonveterans may be hired. Based upon this, I am unable to conclude that veterans’ preference mandates that eligible veterans be hired over nonveter-ans, I have found no evidence of legislative intent to require the employment of veterans in all instances.
This opinion was cited in Cooper v. Department of Labor and Employment Security, 15 FPER Para. 20504 (1988), In re Broward County, 15 FPER Para. 20509 (1989), and Hoagland v. Department of Corrections, 15 FPER Para. 20515 (1989). Contrary to appellant’s claim, there is no mandatory hiring preference for minimally *478 qualified veterans over more qualified non veterans.
Moreover, we are of the view that the Commission was correct in ruling that the hearing officer erred in basing his determination of the appellant's qualifications upon facts outside the resume which the appellant submitted. In its Final Order, the Commission stated:
In arriving at his conclusion, the hearing officer appears to have supplemented the resume that Harris submitted to the County with other evidence of Harris’ qualifications which was adduced for the first time at the hearing.
⅞- ‡ ⅛ ⅜ ⅜ ⅝
The evidence adduced at hearing regarding Harris’ background ... was not readily apparent from Harris’ resume. Therefore, the County cannot be charged with having knowledge of this information at the time it made the decision to eliminate Harris from the interview pool. The burden was on Harris to insure that his resume was sufficiently informative to enable the County to properly evaluate his qualifications. Thus, in determining the propriety of the selection process, the hearing officer should have limited his review to the information Harris provided to the County, rather than on the additional information presented at hearing.
We agree with the Commission’s above expressions. Goebel’s testimony reveals that after his repeated review of appellant’s resume, he felt appellant did not meet the minimum qualifications required for the position. Goebel found appellant’s resume to emphasize engineering and hardware orientation, as well as technical expertise with a system not compatible with the system used by the County. Furthermore, appellant’s resume did not reflect experiences in training support, class development, or expertise in certain products. Because Goebel did not find the resume of appellant to fit the minimum qualifications of the job, he declined to further process the applicant.
The County cannot be forced to second-guess every application that comes in during the hiring process as to what the applicant’s real qualifications are. It is clear the burden was on Harris to present materials to the County which were more tailored to the requirements of the position. Appellant admitted he had resumes that may have been more applicable, but due to time constraints, did not submit them. With an applicant pool numbering approximately 80 individuals, Goebel appropriately determined only a few of the well-qualified candidates could be given an additional opportunity to present their qualifications in person. The Commission was correct in holding the hearing officer should have limited his conclusions of law to the facts available to the County at the time the decision was made not to interview the appellant.
We also reject appellant’s contention that the County violated Section 295.085(2) by failing to give appellant “special consideration at each step of the employment selection process.”
Section 295.085(2) provides:
(2) The Department of Veterans’ Affairs shall be responsible for promulgating such rules or procedures as to ensure that those persons defined in s. 295.07 are given special consideration in the employing agency’s selection and retention processes. These procedures shall include the award of point values as articulated in s. 295.08 if applicable, or where such point values are not relevant, shall include procedures to ensure those persons defined in s. 295.07 are given special consideration at each step of the employment selection process and are given special consideration in the retention of employees where layoffs are necessitated. (emphasis added).
In AGO 88-24 the Attorney General addressed this point:
[Vjeterans’ preference provides special-consideration for eligible veterans at each step of the employment selection process, but does not require the employment of a preferred veteran over a non-veteran who is the “most qualified” applicant for the position. The employing agency, however, is required to document and justify the decision to hire a nonveteran over the preferred veteran....
*479 In Rosete v. Department of Professional Regulation, 15 FPER Para. 20518 (1989), the Commission held:
The Commission adopted the Attorney General’s view that veteran’s preference applies to each step of the selection process _ When an agency selects a non-veteran over a veteran who is eligible for preference, the burden of proof is on the agency to show that the non-veteran was more quálified.
15 FPER Para. 20518 at IX-44.
When processing and reviewing the approximately 80 applications for the position, Goebel, as earlier noted, initially separated the resumes into three stacks ranging from superiorly qualified to not qualified. Harris’ resume was, after repeated examination by Goebel and his staff, returned to the latter stack. Goebel’s “A” list contained approximately six resumes of the best qualified candidates who were eventually interviewed. Among those interviewed was the successful candidate, Steven Vlahon. Out of the 80 resumes received, the six considered the most qualified were the only ones interviewed.
Reasons given by Goebel for his decision to select Vlahon over Harris were that Vlahon had successfully trained county employees previously, Vlahon’s resume demonstrated custom programming experience and advanced knowledge of software systems widely used by the County, and his years of experience as a trainer.
A potential employer is not required to pass a preferenced veteran through the screening process if he does not meet the minimum qualifications for the position. But even if the appellant’s application had demonstrated the minimum qualifications, Section 295.085(2) gives appellant no cause to complain of the review process utilized in the instant case.
Accordingly, the Commission’s final order is AFFIRMED.
ERVIN and ALLEN, JJ., concur.