PER CURIAM.
In this appeal and cross appeal involving the application of Florida’s “veteran’s preference” in hiring statute, Sections 295.07 and 295.085, Florida Statutes (1989), appellant West Coast Regional Water Supply Authority (West Coast) appeals the final order of the Public Employees Relations Commission (PERC) reversing the hearing *893 officer’s recommended order dismissing ap-pellee Harris’s veteran’s preference complaint. We reverse.
In December, 1989, appellant West Coast became concerned about perceived deficiencies in its computer operations systems. As a short term remedial measure, appellant contracted, through an employment agency, for the services of Mr. David Bryant, who began working for appellant on December 12, 1989. Between December, 1989 and March, 1990, appellant revamped its computer operations and redefined the job duties of its Computer Operations Coordinator (COC) position. Appellant then placed classified advertisements seeking applicants for the COC position and describing the minimum qualifications for the job. Among the applicants for the job were appellee Harris and David Bryant. Of the applicants, appellant West Coast determined that forty-three, including Harris and Bryant, met the “minimum qualifications” requirements for the position. Of the forty-three, appellant initially determined that ten, including Harris and Bryant, met the “minimum training and experience requirements” for the position. Upon further review, however, appellant determined that Harris did not meet the minimum training and experience requirements. Ultimately, Mr. Bryant, a non-veteran, was selected to fill the COC position.
Of the issues raised on appeal and cross appeal, two merit discussion: (1) whether the PERC erred in rejecting the hearing officer’s final recommended order dismissing Harris’s complaint; (2) whether in evaluating the applicants, appellant im-permissibly considered Bryant’s work experience with appellant not disclosed on his resume.
Section 295.07, Florida Statutes (1989), provides in pertinent part:
(1) The state and its political subdivisions shall give preference in appointment and retention in positions of employment to: (c) A veteran of any war who has served on active duty for 181 consecutive days or more, or who has served 180 consecutive days or more since January 31, 1955, and who discharged or separated therefrom with an honorable discharge from the Armed Forces of the United States of America if any part of such active duty was performed during the wartime era.
Section 295.085, Florida Statutes (1989), provides in pertinent part:
(1) In all positions in which the appointment or employment of persons is not subject to a written examination, ... preference in appointment and employment shall be given by the state and its political subdivisions first to those persons included under s. 295.07(l)(a) and (b), and second to those persons included under s. 295.07(l)(c) and (d), provided such persons possess the minimum qualifications necessary to the discharge of the duties involved.
In the present case, appellant Harris qualifies for a veteran’s preference under Section 295.07(l)(c). See Harris v. State, Public Employees Relations Commission, 568 So.2d 475 (Fla. 1st DCA 1990).
When an employer selects a non-veteran over a person who is eligible for a veteran’s preference, the initial burden is on the veteran to show minimal qualifications; a timely and proper application for a covered position; and that the employer selected a non-veteran or a veteran with a lesser preference. The burden then shifts to the employer to show that the non-veteran applicant was more qualified. See Cox v. Pasco County, 16 FPER Para. 21517 (1990); Rosete v. Department of Professional Regulation, 15 FPER Para. 20518 (1989); Varela v. Department of Health and Rehabilitative Services, 15 FPER Para. 20517 (1989).
Wade v. Comptroller of Orange County, 17 FPER Para. 22502 (1990). The requirements of Section 120.57(l)(b)10. are applicable to veteran preference cases. See e.g., Albaugh v. Dept. of Transportation, 15 FPER Para. 20506 at IX-13 (1988). That statute prohibits agencies from rejecting a hearing officer’s factual determinations unless the record lacks any competent, substantial evidence to support the factual de *894 termination. Heifetz v. Dept. of Business Regulation, Div. of Business Regulation, 475 So.2d 1277 (Fla. 1st DCA 1985). The determination of whether the successful job applicant is more qualified than an unsuccessful veteran entitled to a statutory preference is a question of fact which should not be disturbed if supported by competent, substantial evidence. In the present case, the testimony of appellant’s employee, Ms. Chancey, relied upon by the hearing officer, constitutes competent, substantial evidence of Bryant’s superior qualifications for the COC position. Ms. Chan-cey’s testimony also provides competent, substantial evidence to support her decision not to grant Mr. Harris an interview, even though the veteran’s preference operates at each stage of the hiring process. Therefore, the PERC erred in rejecting the hearing officer’s order recommending dismissal of appellee Harris’s complaint.
Turning now to the second issue, appellee’s argument is premised on the rule articulated in Harris v. State, Public Employees Relations Commission, 568 So.2d 479 (Fla. 1st DCA 1990), that it is the burden of the complaining veteran to insure that his resume is sufficiently informative at the hiring stage, and further, that it is error for the hearing officer to consider supplemental information as to the veteran’s qualifications tendered at the hearing of the complaint. From this premise, PERC argues that the hearing officer should likewise be precluded from considering supplemental information regarding the successful candidate’s qualifications not included in his or her resume, specifically, Mr. Bryant’s work experience with appellant West Coast. This argument fails to recognize the rationale behind the court’s pronouncement in Harris. In Harris, this court held it error for the hearing officer to consider supplemental information of the veteran’s qualifications because such information was not available for consideration at the hiring stage. In the present case, however, the supplemental information considered by the hearing officer in her determination of the most qualified applicant was information known to appellant during the hiring process as a result of Bryant’s employment with West Coast. If it were considered error for a hearing officer to consider such information, such a rule would compel employers to disregard information of applicants’ qualifications actually known at the hiring stage. It would not seem to accord with logic or reason to require an employer to disregard first hand knowledge of an applicant's qualifications known as a result of the applicant’s work experience with the employer. We therefore reject appellee’s argument on this point. We also deny appellee’s cross appeal.
REVERSED and remanded with instructions that the PERC enter an order affirming the hearing officer’s dismissal of appel-lee’s complaint.
SHIVERS, MINER and WOLF, JJ., concur.