652 So.2d 894 (1995)
Marian D. DUNHAM, Appellant,
v.
HIGHLANDS COUNTY SCHOOL BOARD, Appellee.
No. 94-01130.
District Court of Appeal of Florida, Second District.
March 17, 1995.
*895 Mark Herdman of Herdman & Sakellarides, P.A., Palm Harbor, for appellant.
James F. McCollum of McCollum & Johnson, P.A., Sebring, for appellee.
PER CURIAM.
Marian Dunham appeals a final order of the Highlands County School Board terminating her continuing contract of employment as a teacher. Dunham contends that the school board erred by rejecting the recommended order issued by a hearing officer pursuant to section 120.57, Florida Statutes (1993). We agree and reverse.
By letter dated April 8, 1993, Dunham was advised that her employment with the school board was being terminated because of absence without leave, willful neglect of duty, and misconduct in office. She was also advised that she owed the school district $3,272.09 for duties which were not performed and $343.14 for excessive sick leave taken.[1] These sums were withheld from her final paycheck. At Dunham's request, a formal hearing was conducted by an administrative hearing officer. After considering all of the testimony and evidence presented, and receiving proposed findings of fact, conclusions of law and recommended penalties from both parties, the hearing officer issued a recommended order that concluded the school board did not prove willful neglect of duty and further that it did prove that Dunham was absent without leave, but only for six hours on March 17, 1993. The hearing officer's order recommended that the school board refund Dunham $3,125.09[2] and reinstate her, without back pay, to a continuing contract at her former rate of pay as of the first day of school after January 1, 1994.
The school board rejected the hearing officer's recommendation and terminated Dunham for "willful neglect of duty and absence without leave," directing that the sum of $3,272.09 be withheld from her final check. In its final order, the school board adopted the findings of fact and conclusions of law in the recommended order with the exception of part or all of 14 paragraphs. In rejecting some of the hearing officer's findings, the school board stated that these findings "do not fairly represent the evidence," that they are "an unfair characterization of the evidence," and that they are "not based upon competent substantial evidence." The final order also contained a recital that "[t]he testimony on page 422 line 23 is sticken [sic] as leading." In the conclusions of law, the school board's order states, in part:

*896 Petitioner [school board] has proved the existence of a duty for the Respondent [Dunham] to be on campus during class time and proved the Respondent has willfully neglected such duty; that the Respondent was willfully absent without leave as described in the charges; that Petitioner has demonstrated a right to withhold the sum of $3,272.09 representing Respondent's hourly rate of $24.50 multiplied by the hours during which she was absent without leave; and that School Board Policy 2.31 authorizes termination for absence without leave without any minimum absence.
It is clear that the school board's view of the evidence relevant to the issues in dispute was contrary to that of the hearing officer. We are now called upon to review both the hearing officer's findings of fact and the school board's substituted findings of fact and determine which should prevail. The standard which governs our review is set forth in McDonald v. Dep't of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977).
In determining whether substantial evidence supports the agency's substituted findings of fact, a reviewing court will naturally accord greater probative force to the hearing officer's contrary findings when the question is simply the weight or credibility of testimony by witnesses, or when the factual issues are otherwise susceptible of ordinary methods of proof, or when concerning those facts the agency may not rightfully claim special insight....
At the other end of the scale, where the ultimate facts are increasingly matters of opinion and opinions are increasingly infused by policy considerations for which the agency has special responsibility, a reviewing court will give correspondingly less weight to the hearing officer's findings in determining the substantiality of evidence supporting the agency's substituted findings... .
Thus, the substantiality of evidence supporting an agency's substituted finding of fact depends on a number of variables: how susceptible is the factual issue to resolution by credible witnesses and other evidence, how substantially the hearing officer's discarded findings are supported by such evidence, how far the factual issue tends to be one of opinion, how completely agency policy occupies a field otherwise open to different opinion.
346 So.2d at 579.
Whether Dunham willfully neglected a duty or was absent without leave are not questions that are infused with policy considerations requiring the school board's expertise. Rather, they are simply questions of fact determinable by ordinary methods of proof through weighing evidence and judging the credibility of witnesses. Thus, section 120.57(1)(b)(10),[3] does not permit the school board to reject the hearing officer's findings if there is competent, substantial evidence from which the findings could reasonably be inferred. See Heifetz v. Dep't of Business Regulation, 475 So.2d 1277 (Fla. 1st DCA 1985). Although the evidence was inconsistent, it was the sole province of the hearing officer to resolve the conflicts and decide the questions one way or the other. The school board was not authorized to reweigh the evidence, judge the credibility of witnesses, or otherwise interpret the evidence to fit its desired ultimate conclusion. Because there is competent, substantial evidence in this record to support all of the hearing officer's findings of fact, the hearing officer's findings must prevail.
*897 Once the hearing officer's findings of fact are reinstated, the school board's conclusions of law must fail because they are premised upon the school board's substituted findings. Likewise, the increased penalty imposed in the final order is predicated upon the school board's finding of both willful neglect of duty, which the hearing officer found was not proved, and a greater period of absence without leave than was found by the hearing officer. Further, the only reason stated with particularity to support the rejection of the hearing officer's recommended penalty is that it was "not in keeping with the findings of fact and conclusions of law." This conclusory statement does not meet the requirement of section 120.57(1)(b)10 that in order to increase a recommended penalty an agency must state "with particularity its reasons therefor in the order, by citing to the record in justifying the action."
Reversed and remanded for entry of a final order consistent with that recommended by the hearing officer.
RYDER, A.C.J., and SCHOONOVER and FULMER, JJ., concur.
NOTES
[1] The hearing officer noted that the excessive sick leave was not an issue that was relevant to the present case.
[2] The hearing officer found that the school board demonstrated the right to withhold only $147, which represented Dunham's hourly rate of $24.50 multiplied by the six hours she was absent without leave. Thus, $3,125.09 is the difference between the $3272.09 which had already been withheld from her final check and the $147 which the hearing officer determined the school board was entitled to withhold.
[3] This section provides in pertinent part:

The agency may adopt the recommended order as the final order of the agency. The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order. The agency may not reject or modify the findings of fact that form the basis for an agency statement, unless the agency first determines from a review of the complete record and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law. The agency may accept the recommended penalty in a recommended order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reasons therefor in the order, by citing to the record in justifying the action.