PER CURIAM.
Appellant Jamerson, as Commissioner of Education, challenges an order of the Education Practices Commission on the grounds that the Commission abused its discretion and exceeded its role by substituting its views for that of the hearing officer. The Commission rejected the hearing officer’s findings of fact in paragraphs 22, 23, 24, 26, 31f and 44 of the recommended order, rejected the conclusions of law in paragraphs 52, 53a, 53b, and 53c and reduced the recommended penalty.
Because competent substantial evidence supports the findings of fact, we must reverse the Commission’s order and remand with directions to reinstate the hearing officer’s findings. See § 120.57(1)(B)(10) (“The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order. The agency may not reject or modify the findings of fact, including findings of fact that form the basis for an agency statement, unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with the essential requirements of law.”); Heifetz v. Dep’t of Bus. Reg., 475 So.2d 1277, 1281 (Fla. 1st DCA 1985) (“The agency may not reject the hearing officer’s finding unless there is no competent substantial evidence from which the finding can be reasonably inferred. The agency is not authorized to weigh the evidence presented, judge credibility of witnesses, or otherwise interpret the evidence to fit its desired ultimate conclusion.”); Dunham v. Highlands County School Bd., 652 So.2d 894, 896 (Fla. 2d DCA 1995) (“section 120.57(l)(b)(10) does not permit the school board to reject the hearing officer’s findings if there is competent substantial evidence from which the findings could be reasonably inferred.... It was the sole province of the hearing officer to resolve conflicts.... Once the hearing officer’s findings of fact are reinstated, the school board’s conclusions of law must fail because they are premised upon the school board’s substituted findings”).
The Commission’s conclusions of law must also fail because they are premised upon the Commission’s substituted findings. Dunham, 652 So.2d at 896. The reduced penalty likewise fails because it is predicated upon the Commission’s improper findings and conclusions. Moreover, the Commission did not state with particularity its reasons for reducing the penalty in the order as required by the Administrative Procedures Act. § 120.57(l)(b)10, Fla.Stat. (“The agency may accept the recommended penalty in a recommended order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reasons therefor in the order, by citing to the record in justifying the action.”). Accordingly, we reverse and remand for entry of a final order consistent with the order recommended by the hearing officer.
REVERSED AND REMANDED.
BARFIELD, KAHN and DAVIS, JJ., concur.