JACOBUS, J.
 

 Ken Resnick appeals from a final order of the Flagler County School Board terminating his employment. He argues the School Board erred by modifying the administrative law judge’s recommended order, which proposed a lesser penalty. We agree and reverse.
 

 Mr. Resnick is a licensed practical nurse who served in the physically impaired classrooms at Belle Terre Elementary School. His duties included monitoring students who were prone to seizures and administering meals by feeding tube to students who could not eat unassisted. Mr. Resnick took extended medical leave to seek treatment for a disorder, similar to narcolepsy, that caused him to fall asleep on the job. For whatever reason, Mr. Resnick received a less than warm welcome from most of the staff when he returned to work. Complaints that he was inattentive and appeared to be sleeping at times cropped up almost immediately. The incident that gave rise to the present case had nothing to do with the allegations of sleeping or inattentiveness.
 

 The incident occurred on April 26, 2007, just days after Mr. Resnick returned to work. On that date, Mr. Resnick was tube
 
 *1112
 
 feeding a seizure-prone, quadriplegic student when he was called to a different classroom to assess another student whom teachers feared was having a seizure. Mr. Resnick clamped the first student’s feeding tube and hurried to the second student. He quickly evaluated the second student and determined she was not having a seizure. He left that student, who was known to sometimes feign seizures, in the care of her teacher and immediately returned to the student he was tube feeding. It is apparent from the record that the teacher who called upon Mr. Resnick to evaluate the second student was unaware that he was in the middle of tube feeding the first child. Concern occasioned by the brevity of Mr. Resnick’s assessment of the second student culminated in the School Board seeking termination of his employment.
 

 The School Board’s formal letter to Mr. Resnick notified him it intended to terminate his employment for “failure to assess and provide first aid to students and follow safe classroom procedures.... ” Mr. Res-nick was also on notice of allegations that he had failed to properly record seizures and had failed to check the residuals in a child’s stomach before administering additional food through the feeding tube.
 

 Mr. Resnick disputed the basis for his termination and exercised his right to a formal hearing before an administrative law judge. The administrative law judge heard testimony from numerous witnesses, reviewed documents that were admitted into evidence, and rendered a comprehensive recommended order. The administrative law judge found that only two instances of minor misconduct were proven by the greater weight of the evidence: Mr. Res-nick failed to check a child’s residuals on one occasion, and he failed to document seizures on the proper form. The administrative law judge found that it was not proven, however, that Mr. Resnick failed to provide appropriate nursing care to a child or that he fell asleep on duty after his medical leave. The administrative law judge recommended that the School Board discipline Mr. Resnick by imposing a written reprimand and requiring a medical evaluation to determine the status of his sleep disorder.
 

 After exceptions to the recommended order were filed and heard, the School Board issued its final order. The final order substantially changed the administrative law judge’s findings of fact, conclusions of law, and recommended penalty, with the result being the termination of Mr. Resnick’s employment. We agree with Mr. Resnick’s contention on appeal and conclude the School Board erred in modifying the recommended order, particularly the factual findings.
 

 In a fact-driven case such as this, where an employee’s conduct is at issue, great weight is given to the findings of the administrative law judge, who has the opportunity to hear the witnesses’ testimony and evaluate their credibility.
 
 See Dunham v. Highlands County Sch. Bd.,
 
 652 So.2d 894, 896 (Fla. 2d DCA 1995);
 
 Heifetz v. Dep’t of Bus. Regulation,
 
 475 So.2d 1277, 1281 (Fla. 1st DCA 1985). An administrative agency such as the School Board may not modify an administrative law judge’s factual findings “unless the agency first determines from a review of the entire record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence ....” § 120.57(1)0, Fla. Stat. (2007);
 
 see also Packer v. Orange County Sch. Bd.,
 
 881 So.2d 1204, 1207 (Fla. 5th DCA 2004). If the administrative law judge’s findings are supported by competent substantial evidence, the agency cannot reject them even to make alternate findings that are also supported by compe
 
 *1113
 
 tent substantial evidence.
 
 See Gross v. Dep’t of Health,
 
 819 So.2d 997, 1002 (Fla. 5th DCA 2002);
 
 Umatilla v. Pub. Employees Relations Comm’n,
 
 422 So.2d 905, 907-08 (Fla. 5th DCA 1982). An agency abuses its discretion when it improperly rejects an administrative law judge’s findings.
 
 See Strickland v. Fla. A & M Univ.,
 
 799 So.2d 276, 278-80 (Fla. 1st DCA 2001).
 

 We conclude the School Board abused its discretion in this case when it modified the factual findings in the recommended order. The administrative law judge’s findings were supported by competent substantial evidence. The School Board improperly substituted certain of its own findings to support the desired result of termination. When “the reasons for the change are legally insufficient, it is entirely appropriate to remand with instructions to approve the hearing officer’s recommendations.”
 
 Dep’t of Prof'l Regulation v. Bernal,
 
 531 So.2d 967 (Fla.1988). Accordingly, we reverse and remand with directions to the School Board to adopt the administrative law judge’s recommended order.
 
 [1]
 

 REVERSED and REMANDED with directions.
 

 PALMER and LAWSON, JJ., concur.
 

 [1]
 

 . This is not a case where the legal conclusions and increased penalty can withstand reinstatement of the administrative law judge's factual findings.
 
 See Jamerson v. Spruell,
 
 658 So.2d 599 (Fla. 1st DCA 1995);
 
 cf. Goss v. Dist. Sch. Bd. of St. Johns County,
 
 601 So.2d 1232 (Fla. 5th DCA 1992).