WETHERELL, J.
This administrative appeal from the Public Employees Relations Commission (PERC) arises out of a veterans’ preference complaint filed by Dominick Landolfi against the City of Deland after he was not hired for the position of deputy fire chief. PERC dismissed the complaint because the individual hired by the City was more qualified than Landolfi, but PERC awarded attorney’s fees and costs to Landolfi “due to the manner in which the City conducted the hiring process.” The City appeals the award of attorney’s fees and costs, and Landolfi cross-appeals the dismissal of his complaint. We affirm the issue raised on cross-appeal without further comment, and, for the reasons that follow, we reverse the award of attorney’s fees and costs.

Facts

Landolfi submitted his resume in response to the City’s vacancy announcement for the position of deputy fire chief. Landolfi’s resume listed his military experience as a firefighter, but it did not request a veterans’ preference. After submitting his resume, Landolfi informed the City’s human resources department that he was requesting a veterans’ preference. This request was not conveyed to the fire chief who was responsible for screening the resumes, conducting interviews, and making the hiring decision.
Landolfi did not receive an interview or any other special consideration during the hiring process. The fire chief only interviewed two applicants for the position, one of whom was a City employee who was entitled to be interviewed based on a City policy requiring interviews of all internal job applicants. The other applicant interviewed, the individual ultimately hired for the position, was determined by the fire *871 chief to be the most qualified based on his resume.
After learning that another applicant was hired, Landolfi filed a veterans’ preference complaint with the Department of Veterans’ Affairs (DVA). DVA investigated the complaint and issued a report finding that Landolfi was a preference-eligible veteran who met the minimum qualifications for the position; that he was not afforded any special consideration in the hiring process as he should have been under the veterans’ preference statutes and rules; and that “[t]he non-veteran that was ultimately selected for this position ... does not appear to be MORE QUALIFIED than Mr. Landolfi.” Based on these findings, DVA concluded that Landolfi’s veterans’ preference complaint was “valid” and it directed the City to provide Landolfi a proposed plan to resolve his complaint.
When the City failed to resolve the complaint, Landolfi filed an appeal with PERC. After an evidentiary hearing, the PERC hearing officer concluded that the City should have given Landolfi an interview or other special consideration during the hiring process because he was a preference-eligible veteran who was qualified for the deputy fire chief position and the City was aware that he was claiming a veterans’ preference. Nevertheless, the hearing officer concluded that the City did not violate Chapter 295, Florida Statutes, because the individual hired for the position was more qualified than Landolfi. Accordingly, the hearing officer recommended that PERC dismiss Landolfi’s complaint.
In its final order, PERC rejected the exceptions filed by Landolfi and dismissed the complaint as recommended by the hearing officer. However, on its own initiative, PERC ordered the City to pay attorney’s fees and costs to Landolfi “due to the manner in which the City conducted its hiring process.” PERC reasoned that “[t]he City’s failure to provide Landolfi with an interview, or any other form of special consideration, is a clear violation of [section 295.07(2), Florida Statutes, and Florida Administrative Code Rule 55A-7.011(2)].” This timely appeal and cross-appeal followed.

Analysis

The award of attorney’s fees and costs in the final order was based on section 295.14(1), Florida Statutes (2010), which provides:
When the Public Employees Relations Commission, after a hearing on notice conducted according to rules adopted by the commission, determines that a violation of s. 295.07, s. 295.08, s. 295.085, or s. 295.09(l)(a) or (b) has occurred and sustains the veteran seeking redress, the commission shall order the offending agency, employee, or officer of the state to comply with the provisions of s. 295.07, s. 295.08, s. 295.085, or s. 295.09(l)(a) or (b); and, in the event of a violation of s. 295.07, s. 295.08, s. 295.085, or s. 295.09(l)(a) or (b), the commission may issue an order to compensate the veteran for the loss of any wages and reasonable attorney’s fees for actual hours worked, and costs of all work, including litigation, incurred as a result of such violation, which order shall be conclusive on the agency, employee, or officer concerned. The attorney’s fees and costs may not exceed $10,000.
The first sentence of this statute consists of two clauses. The first clause imposes a mandatory duty on PERC to order compliance when it finds a violation of certain enumerated statutes and sustains the veterans’ complaint. The second clause authorizes a discretionary award of monetary relief, including attorney’s fees *872 and costs, when PERC finds a violation of the enumerated statutes.
Section 295.14(1) was broken into these two clauses in 1987. See Ch. 87-356, § 9, at 2212-13, Laws of Fla. Prior to 1987, the statute only applied to retention and reinstatement decisions and required PERC to order both compliance and lost wages upon finding a violation. See § 295.14(1), Fla. Stat. (1986 Supp.) (referring only to section 295.09(l)(a) and (b)). The 1987 amendments expanded the scope of the first clause to include the statutes applicable to the initial hiring decision, but retained the scope of the second clause. See Ch. 87-356, § 9, at 2212-13, Laws of Fla. (breaking section 295.14(1) into two clauses and adding sections 295.07, 295.08, and 295.085(1) to the first clause, but not the second clause). ■ Thus, after the 1987 amendments, PERC was required to order compliance upon finding a violation of any of the statutes enumerated in the first clause, but it was only authorized to order monetary relief in retention and reinstatement cases. See § 295.14(1), Fla. Stat. (1987). In 1998, the second clause was expanded to include all of the statutes listed in the first clause and also to allow PERC to award attorney’s fees and costs as part of the monetary relief. See ch. 98-33, § 7, at 248, Laws of Fla. Consequently, after the 1998 amendments, PERC had discretion to award monetary relief, including attorney’s fees and costs, for violations of any of the statutes listed in the first clause, including section 295.07. The statute has remained substantially unchanged since 1998.
In this case, the City contends that because the PERC hearing officer found that it hired a more qualified applicant for the deputy fire chief position, there was no statutory violation that would authorize PERC to award attorney’s fees and costs under section 295.14(1). Because an award of fees and costs under this statute is discretionary, we review the award for an abuse of discretion. See Pipping v. Dep’t of Corr., 700 So.2d 721 (Fla. 1st DCA 1997). However, we review de novo PERC’s determination that the City violated section 295.07(2) because that is an issue of law; and in doing so, we give deference to PERC so long as its determination is not clearly erroneous. See Doyle v. Dep’t of Bus. Regulation, 794 So.2d 686 (Fla. 1st DCA 2001).
The statutory prerequisite to an award of any relief under section 295.14(1) is a “violation” of one of the statutes enumerated in that section. If there is no statutory violation, then there is no basis for PERC to order compliance under the mandatory provisions of the first clause, nor is there any basis for PERC to award monetary relief under the discretionary provisions of the second clause. Thus, resolution of the issue raised by the City on appeal boils down to whether PERC erred in finding that the City violated section 295.07(2) by failing to give Landolfi special consideration in the interview process even though the City ultimately hired a more qualified applicant.
Section 295.07(2) does not require covered employers to do anything; the statute simply authorizes DVA to adopt rules that, among other things, “include procedures to ensure that veterans are given special consideration at each step of the employment selection process.” The rule adopted by DVA to implement this statute states that “[granting of an interview is one example of the type of special consideration which may be given to a preferred applicant,” but the rule also makes clear that a preference “does not require the employment of a preferred applicant over a nonpreferred applicant who is the most qualified applicant for the position.” Fla. Admin. Code R. 55A-7.01K2).
*873 The City argues that PERC’s conclusion that it violated section 295.07(2) by failing to grant Landolfi an interview even though it ultimately hired a more qualified applicant is clearly erroneous because it is contrary to this court’s decision in Harris v. Public Employees Relations Commission, 568 So.2d 475 (Fla. 1st DCA 1990). We agree.
In Harris, a preference-eligible veteran filed a complaint against Sarasota County after he was not hired for a systems analyst position with the county. See Harris v. Sarasota Cnty., 16 FPER ¶ 21503, at IX-22. The PERC hearing officer found that the veteran, Harris, was qualified for the position based on information that was not apparent from his resume; that the non-veteran applicant hired by the county was more qualified than Harris for the position; and that the county violated sections 295.07 and 295.085 by not providing a preference to Harris at each step of the employment selection process. Id. at 23. The hearing officer recommended that, in order to remedy this statutory violation, the county should give preference to Harris for any other position with the county for which he was qualified. Id.
In its final order, PERC rejected the hearing officer’s conclusion that the county violated the veterans’ preference statute and expressly concluded that the county “did not violate the provisions of §§ 295.07 and 295.085, Florida Statutes (1987).” Id. PERC reasoned that the county did not violate the law in eliminating Harris from the interview pool for not meeting the minimum qualifications for the position because the information that led the hearing officer to conclude that Harris was minimally qualified for the position was not apparent from his resume. Id. Additionally, and most pertinent to this case, PERC reasoned that:
the hearing officer’s conclusion that Harris was minimally qualified for the position is not, in itself, dispositive of this case. The County was not required to grant an interview to all minimally qualified applicants, even if they had asserted a veteran’s preference. Rather, in order to prevail, Harris needed to demonstrate that he was qualified or more qualified than the employee ultimately hired for the position. [citations omitted] Our review of the record indicates that the hearing officer’s dispositive finding is that the County reasonably determined that [the other applicant] was more qualified for the position than was Harris. We agree with this finding and conclude that the County did not violate the veteran’s preference síaíuíe. [FN 2]
[FN 2] Even had we agreed with the hearing officer that a violation occurred, we conclude that the recommended remedy would have been improper. We have no authority to direct the County to consider a veteran for positions which he has not sought, or for which he has not filed an appeal.
Id. at 23-24 (emphasis added).
This court affirmed PERC’s final order. See Harris, 568 So.2d at 475. In doing so, the court expressly rejected the exact contention raised in this case: that, even though the employer hired a more qualified applicant, it violated sections 295.07 and 295.085 by failing to give the veteran a preference at each stage of the hiring process. Id. at 478. The court reasoned that because the veterans’ preference statutes do not mandate the hiring of a veteran over a more qualified non-veteran, there is no statutory violation if the employer proves that it hired a more qualified non-veteran. Id. at 477-79.
This court reaffirmed Harris in West Coast Regional Water Supply Auth. v. Harris, 604 So.2d 892 (Fla. 1st DCA 1992). There, the court explained that in veter *874 ans’ preference cases, the complainant has the initial burden to show that he is a preference-eligible veteran who submitted a timely and proper application for a covered position for which he was qualified and that a non-veteran was hired for the position. Id. at 893 (citing Wade v. Comptroller of Orange Cnty., 17 FPER ¶ 21517 (1990)). That showing will be sufficient to establish a violation of the veterans’ preference statute unless the employer meets its burden to show that the non-veteran hired was more qualified. Id.; see also Evans v. Fla. State. Univ. Bd. of Trs., 37 FPER ¶73 (2011) (holding that eligible veteran not entitled to interview if other applicants more qualified for position based on initial screening); Murray v. City of Largo, 36 FPER ¶ 119 (2010) (dismissing veterans’ preference complaint because non-veteran hired was more qualified); Wood v. Univ. of Cent. Fla., 31 FPER ¶ 47 (2005) (finding no violation of Chapter 295 because veteran not as qualified as other applicants); Price v. Dep’t of Prof'l Regulation, 18 FPER ¶ 23505 (1992) (holding that any procedural defects in hiring procedure were moot because agency proved non-veteran hired was more qualified than veteran); Ruiz v. Metro. Dade Cnty., 17 FPER ¶ 22512 (1991) (finding hiring of more qualified non-veteran lawful); Zumwalt v. Palm Beach Cnty. Cmty. Coll, 16 FPER ¶ 21510 (1990) (finding no violation of section 295.07 or 295.085 when employer hired more qualified non-veteran applicant over less qualified veteran).
PERC’s final order in this case is consistent with these authorities insofar as it dismissed Landolfi’s complaint based on the hearing officer’s finding that the City hired a more qualified applicant. However, the final order conflicts with these authorities in concluding that the City “violated” section 295.07(2) by failing to give Landolfi special consideration, such as an interview, during the hiring process. Indeed, this aspect of the final order directly conflicts with Harris because, in that case, both this court and PERC expressly concluded that the employer did not violate sections 295.07 or 295.085 by failing to give the veteran preference during the hiring process since the employer established that it hired a more qualified non-veteran.
Having said that, we have not overlooked Landolfi’s argument that the City’s failure to provide him an interview is a separate and distinct violation of the veterans’ preference statute and, thus, the City should be penalized for that violation through an award of attorney’s fees and costs even though it was determined that the ultimate hiring decision made by the City did not violate Chapter 295. There is some appeal to this argument in light of the important public policy served by the veterans’ preference statute. See Yates v. Rezeau, 62 So.2d 726, 727 (Fla.1952) (explaining that the purpose of the veterans’ preference statute is “to reward those who served their country in time of need” and to recognize the qualities and traits developed by military service which tend to make veterans superior public servants); see also Ch. 98-33, at 244, Laws of Fla. (“It is the policy of this State of Florida that in appreciation for their service to this state and the country, and in recognition of the time and advantage lost toward the pursuit of a civilian career, veterans ... shall be granted preference in employment with the state and political subdivisions of or in the state.”). However, since Harris, the dispositive issue in veterans’ preference cases has been whether the hiring decision violated Chapter 295. Indeed, our research did not locate any case in which PERC ordered relief under either clause of section 295.14(1) for a violation in the hiring process where it determined that the ultimate hiring decision did not *875 violate Chapter 295. Accordingly, in light of Harris and its progeny, if the Legislature intended PERC to order relief and penalize employers under section 295.14(1) for not affording a veteran special consideration in the hiring process even if the employer establishes that it hired a more qualified non-veteran, it needs to clarify that intent.

Conclusion

For the reasons stated above, PERC erred in concluding that the City’s failure to provide Landolfi an interview was a violation of section 295.07 and, as a result, PERC abused its discretion in awarding attorney’s fees and costs to Landolfi under section 295.14(1). Accordingly, we reverse the award of attorney’s fees and costs in the final order. In all other respects, the final order is affirmed.
AFFIRMED in part; REVERSED in part.
THOMAS and MARSTILLER, JJ., concur.