PER CURIAM.
Jana M. Lantz, Appellant, appeals from a final order of the Education Practices Commission (Commission). Appellant raises three arguments, but we find merit in only one. We conclude that the Commission abused its discretion when it improperly rejected or modified a number of the pivotal factual findings in the administrative law judge’s (ALJ) recommended order. Accordingly, we reverse.
The Commissioner of Education (Commissioner) filed an administrative complaint against Appellant, a teacher in the Miami-Dade County School District. The administrative complaint alleged Appellant acted in an unprofessional manner toward a colleague (Ms. Wallace) and a member of the school’s administration in the presence of students, engaged in conduct that seriously reduced her effectiveness as an employee, and failed to protect students from conditions harmful to learning and/or to the students’ mental health, physical health or safety.[1]
The case proceeded to a formal administrative hearing during which the ALJ *520 heard conflicting testimony from several witnesses and reviewed documents that were entered into evidence. After the formal administrative hearing, the ALJ issued a comprehensive recommended order finding that after Ms. Wallace used Appellant’s classroom for a portion of the day to administer standardized tests, Appellant returned to the classroom, was displeased to find the desks and tables not in their normal places, and complained loudly that Ms. Wallace had not rearranged the room as promised. The ALJ found the two briefly disagreed over the location of the furniture in the classroom and whose job it was to restore the original configuration. The ALJ determined that Ms. Wallace’s testimony regarding her fear for the safety of herself and students to be disingenuous and concluded that the “incident was neither as intense as Ms. Wallace described it, nor was Ms. Wallace as free of responsibility for causing the incident, or escalating the exchange.”
The ALJ concluded that there was “no basis to find any impact to the students who may have witnessed all or part of a frustrated exchange between two teachers during the week of FCAT testing.” The ALJ also concluded that the Commissioner failed to prove that 1) Appellant was guilty of gross immorality or an act of moral turpitude; 2) “whatever the students witnessed of the confrontation between” Appellant and Ms. Wallace or the dismissive treatment by Appellant of an assistant principal rose to the level of a condition harmful to learning or to the students’ mental or physical, health or safety, or that Appellant intentionally exposed her students to unnecessary embarrassment or disparagement. Finally, the ALJ concluded that the “brief exchange did not rise to the level of interfering with either employee’s discharge of her professional responsibilities or creating a hostile, intimidating, abusive, offensive, or oppressive environment.” Consequently, the ALJ recommended that the administrative complaint be dismissed.
The Commissioner filed exceptions to the recommended order. The Commission held a hearing and entered a final order in which it rejected or modified a number of the ALJ’s findings of fact and conclusions of law. With regard to each of the Commissioner’s eight exceptions to findings of fact, the final order states the Commission “accepted” the exception, “finding there is no[ ] competent and substantial evidence to support the findings of fact in the Recommended Order based on [the Commissioner’s] written argument attached and incorporated herein.” The Commission then adopted the “material allegations in the Administrative Complaint” as its findings of fact.[2] On this basis, the Commission *521 rejected the ALJ’s recommendation and instead issued a letter of reprimand, placed Appellant on two years’ probation, and imposed an administrative fine.
On appeal, Appellant argues that the Commission improperly rejected or modified a number of the pivotal factual findings. Appellant asserts that the case was “primarily one of the weight or credibility” given to the testimony of herself and Ms. Wallace, and that determination of credibility is a matter that “lies with the [ALJ] ” and “is not within the authority of the [C]ommission to reject or modify.” We agree.
Section 120.57(1)0), Florida Statutes (2010), provides that the agency may not reject or modify the findings of fact unless the agency first determines from a review of the entire record that the findings of fact were not based upon competent, substantial evidence or that the proceedings on which the findings were based did not comply -with the essential requirements of law. If the ALJ’s findings of fact are supported by competent, substantial evidence, the agency cannot reject them even to make alternate findings that are also supported by competent, substantial evidence. Resnick v. Flagler Cnty. Sch. Bd., 46 So.3d 1110, 1112-13 (Fla. 5th DCA 2010) (“In a fact-driven case such as this, where an employee’s conduct is at issue, great weight is given to the findings of the [ALJ], who has the opportunity to hear the witnesses’ testimony and evaluate their credibility.”). “Credibility of the witnesses is a matter that is within the province of the [ALJ], as is the weight to be given the evidence.” Stinson v. Winn, 938 So.2d 554, 555 (Fla. 1st DCA 2006). “The [ALJ] is entitled to rely on the testimony of a single witness even if that testimony contradicts the testimony of a number of other witnesses.” Id. An agency abuses its discretion when it improperly rejects the ALJ’s findings. Res-nick, 46 So.3d at 1113.
We conclude the Commission abused its discretion when it modified the factual findings in the recommended order.[3] The ALJ’s findings were supported by competent, substantial evidence. The ALJ was entitled to rely on the testimony of a single -witness even if that testimony contradicts the testimony of a number of other witnesses. Because the ALJ’s findings were supported by competent, substantial evidence, the Commission could not reject or modify them as was done in the final order.[4] Accordingly, we reverse *522 the final order of the Commission and remand the ease for entry of an order dismissing the administrative complaint, consistent with the recommendation of the ALJ.
REVERSED and REMANDED with instructions.
BENTON, C.J., LEWIS and ROWE, JJ., concur.

. Specifically, the administrative complaint alleged that Appellant 1) violated section 1012.795(l)(d), Florida Statutes (2010), in that she was guilty of gross immorality or an act involving moral turpitude as defined by rule of the State Board of Education; 2) violated section 1012.795(l)(g), Florida Statutes (2010), in that she was guilty of personal conduct which seriously reduced her effectiveness as a school board employee; 3) violated section 1012.795(l)(j), Florida Statutes (2010), in that she violated Principles of Professional Conduct for the Education Profession; 4) violated Florida Administrative Code Rule 6B-1.006(3)(a) (2010), when she failed to make a reasonable effort to protect students from conditions harmful to learning and/or to the students' mental health and/or physical health and/or safety; 5) violated Florida Administrative Code Rule 6B-1.006(3)(e) (2010), by intentionally exposing a student to unnecessary embarrassment or disparagement; and 6) violated Florida Administrative Code Rule 6B-1.006(5)(d) (2010), when she engaged in harassment or discriminatory conduct which unreasonably interfered with an individual’s performance of professional or work responsibilities or with the orderly pro *520 cesses of education or which created a hostile, intimidating, abusive, offensive, or oppressive environment.

.The material allegations set forth in the administrative complaint were as follows:
3. On or about March 11, 2010, [Appellant] demonstrated inappropriate conduct and acted in an unprofessional manner toward a colleague and a member of the school administration.
4. When another (reading coach) teacher had been assigned to utilize [Appellant’s] classroom and rearranged the desks, [Appellant], in the presence of students, became upset and yelled at the teacher in a menacing manner. [Appellant] stood in the other teacher's face in a confrontational manner while pointing her finger at the teacher and yelling. [Appellant] commented that the teacher should, "Go! Be gone, go away! .... By the way, you don’t do anything,” or words to that effect.
5.When the Assistant Principal arrived, after being summoned by a security monitor, and asked [Appellant] to refrain from her actions in front of students, [Appellant] said, "I will deal with you later,” or words to that effect.

. Although the Commission could properly reject the finding in paragraph 1 regarding Appellant's weight and the finding in paragraph 13 regarding the possibility that tension may have developed between Appellant and Ms. Wallace based on their respective roles as a steward in the teachers’ union and professional liaison to classroom teachers, these factual determinations did not affect the material findings of fact by the AU—findings that were supported by competent, substantial evidence and in turn supported the conclusions in the recommended order.

. The record does not demonstrate that the Commission fully understood its role in considering and ruling upon exceptions to the ALJ’s findings of fact. For example, at one point during the consideration of the exceptions, one member made the pertinent observation that “[fit's just so much he said she said.” The chair person stated to other members that if the Commission accepted one of the Commissioner's exceptions, they had to state on the record “that our exception’s more reasonable than what the [ALJ]" concluded. Although the Commission’s counsel explained the standard, the chair person subsequently stated it was for the panel "to determine whether we agree with Petitioner’s filings or agree with what the [ALJ] did.” When addressing Exception Number 2, in which the Commissioner argued there was no competent, substantial evidence to support the finding that the colleague lost her composure and became agitated while testifying, one member *522 of the panel moved to accept the Commissioner's exception "because the proposed conclusion is more reasonable than the [ALJ’s] conclusion.”