LaROSE, Judge.
The Collier County School District (the District) appeals the final order of the Public Employees Relations Commission (PERC) that disregarded the hearing officer’s findings and recommended order regarding Dr. Beverly Brown Fuqua’s complaint alleging a violation of Florida’s veterans’-preference statutes. See §§ 295.07-295.09, Fla. Stat. (2012). We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(C). PERC improperly reweighed the hearing officer’s factual findings and substituted its own. Consequently, we reverse.
In 2012, Dr. Fuqua, already a teacher in the District, applied for a mathematics teaching position at East Naples Middle School, a Title I school.[1] The position *689 would require Dr. Fuqua to teach intensive mathematics to students performing poorly on the Florida Comprehensive Assessment Test (the FCAT). See § 1008.22(3)(c)(1) (providing for development and implementation of the FCAT), 1008.25(2)(b), (4) (requiring intensive instruction program for students who score below FCAT level 3 in mathematics). Dr. Fuqua served in the United States Marine Corps from 1960 to 1963. Accordingly, he claims entitlement to a veterans’ preference in state employment hiring.[2] He is not, however, entitled to the position.
The District hired another applicant for the position; she is not a military veteran. Dr. Fuqua filed a complaint with PERC alleging that the District failed to afford him veterans’ preference. See § 295.11. PERC appointed a hearing officer who conducted an evidentiary hearing and prepared a recommended order urging dismissal of the complaint. See § 447.207(9)(c), Fla. Stat. (2012).
When a job candidate eligible for veterans’ preference challenges the employer’s hiring of a nonveteran, the candidate has the initial burden to demonstrate minimal qualifications and timely application. Thereafter, the employer must show that the hired nonveteran was more qualified. City of Deland v. Landolfi, 97 So.3d 869, 874 (Fla. 1st DCA 2012) (citing W. Coast Reg’l Water Supply Auth. v. Harris, 604 So.2d 892, 893 (Fla. 1st DCA 1992)). “More qualified” means the “applicant whose experience most closely encompasses the background an employer seeks in filling a position.” Zumwalt v. Palm Beach Cnty. Cmty. Coll, 16 FPER ¶ 12510 (1990). The job posting listed the minimal qualifications for the middle school position as (1) a bachelor’s degree in education or a related field, (2) basic computer skills, (3) Florida teacher certification, and (4) a current District employee.
The hearing officer’s recommended order explained that the school principal excluded Dr. Fuqua from consideration because, due to a flaw in the District’s online application process, Dr. Fuqua’s application did not reflect that he was a District employee. Nevertheless, the hearing officer continued on, finding that Dr. Fuqua met the minimal qualifications. Unfortunately for Dr. Fuqua, the hearing officer found another candidate to be better qualified.
The hearing officer carefully examined the candidates’ respective qualifications. Dr. Fuqua had one year of middle school experience in the District teaching mathe *690 matics. He had several months of substitute teaching experience in Massachusetts, teaching chemistry and mathematics.[3] He was certified to teach middle school mathematics. He worked for Exxon Corporation for thirty years. He held an M.B.E. in Chemical Engineering, an M.S. in Management, a Ph.D in Chemistry, and had completed a graduate education course in mathematics teaching methods. The successful candidate earned an undergraduate degree in psychology and held a master’s degree in elementary education. She had three-and-a-half years’ teaching experience in a Title I school and, at the time of application, was teaching in the fifth grade. She was certified to teach middle school mathematics, knew the curriculum and area of instruction, and was recommended highly by her supervisor.
We acknowledge Dr. Fuqua’s impressive background. But, as the hearing officer observed, “[w]hile Dr. Fuqua’s educational background and prior job experience are not without some value in considering qualifications, the most important qualification for th[is] teaching position[ ] is prior relevant teaching experience.” He noted further that Dr. Fuqua had not explained how his prior work experience weighed in his favor. In contrast, the successful candidate’s three-and-a-half years of teaching experience exceeded that of Dr. Fuqua. Because she taught in a Title I school, she knew how to motivate students performing below grade level, which made her qualified beyond her years of experience. Indeed, her supervisor characterized her as an excellent, seasoned teacher who could “meet[ ] kids’ needs at their level, whatever level it may be, and build[ ] them up to grade level.” The hearing officer found that she was more qualified than Dr. Fu-qua and that the District did not violate the veterans’ preference law. Dr. Fuqua filed exceptions to the recommended order. See § 120.57(l)(b), Fla. Stat. (2012).
PERC’s final order adopted Dr. Fuqua’s exception disputing the factual finding that the other candidate was more qualified. PERC found that “Fuqua has significant educational credentials, experience teaching middle school mathematics, experience teaching remedial courses, and a specific certificate for teaching mathematics.... Fuqua is the only applicant with prior experience teaching middle school mathematics. The other candidate’s entire experience is in teaching elementary school students.” PERC concluded that “competent substantial evidence ... does not support the hearing officer’s decision that [the other candidate] is more qualified to teach this middle school math class.” PERC ordered the District to employ Dr. Fuqua in a middle-school mathematics or equivalent position at East Naples Middle School and compensate him for back pay. The District appealed. See §§ 447.504(1), 120.68, Fla. Stat. (2012).
The District argues that PERC improperly substituted its factual findings for those of the hearing officer. We must agree. Competent substantial evidence supported the hearing officer’s findings.
Dr. Fuqua’s and the successful candidate’s backgrounds differed, thus posing a factual dispute as to who was better qualified. Deciding which candidate is more qualified is a fact question for the hearing officer. See Harris, 604 So.2d at *691 893; Bush v. Brogan, 725 So.2d 1237, 1239 (Fla. 2d DCA 1999). An agency may not reject or modify the hearing officer’s factual findings unless it determines from reviewing the entire record that competent substantial evidence does not support them. Lantz v. Smith, 106 So.3d 518, 521 (Fla. 1st DCA 2013); Harris, 604 So.2d at 894. If the hearing officer’s factual findings are supported by competent substantial evidence, “the agency cannot reject them even to make alternate findings that are also supported by competent, substantial evidence.” Lantz, 106 So.3d at 521 (citing Resnick v. Flagler Cnty. Sch. Bd., 46 So.3d 1110, 1112-13 (Fla. 5th DCA 2010)); Gross v. Dep’t of Health, 819 So.2d 997, 1003 (Fla. 5th DCA 2002).
Even if the record contains evidence to support PERC’s alternate finding that Dr. Fuqua was more qualified, it unquestionably contains competent substantial evidence to support the hearing officer’s finding. It was within the hearing officer’s purview to weigh the facts and reach a factual determination as to who was the better suited candidate.
PERC improperly reweighed the evidence, substituted its factual findings, and reached a different result. See § 120.57(1)(Z), Fla. Stat. (2012) (agency may not reject or modify findings of fact unless not supported by competent substantial evidence). Therefore, we reverse and remand for PERC to enter an order adopting the hearing officer’s recommended order dismissing the complaint. See Lantz, 106 So.3d at 521-22.
Reversed and remanded with instructions.
ALTENBERND and KELLY, JJ„ Concur.

. "Title I school” is a common term for a school that qualifies under 20 U.S.C. § 6301, the purpose of which is to "meet[] the educational needs of low-achieving children in *689 our Nation’s highest-poverty schools ... close[] the achievement gap between high- and low-performing children ... [and] hold[ ] schools, local educational agencies, and States accountable for improving academic achievement of all students.” 20 U.S.C. § 6301 (2)-(4). PERC’s final order narrowly describes Title 1 as “a federal program for students on free or reduced lunch programs.”

. 295.07. Preference in appointment and retention
(1) The state and political subdivisions in the state shall give preference in appointment and retention in positions of employment to:
[[Image here]]
(c) A veteran of any war as defined in s. 1.01(14). The veteran must have served at least 1 day during a wartime period to be eligible for veterans’ preference. Active duty for training shall not be allowed for eligibility under this paragraph.
[[Image here]]
(2) The Department of Veterans’ Affairs shall adopt rules to ensure that veterans are given special consideration in the employing agency’s selection and retention processes. The rules must include the award of point values as articulated in s. 295.08, if applicable, or, where point values are not relevant, must include procedures to ensure that veterans are given special consideration at each step of the employment selection process.

. Some of Dr. Fuqua’s Massachusetts mathematics students were in a remedial learning program. Dr. Fuqua’s application and resume, however, did not list any experience teaching remedial mathematics; thus, the school principal would not have had this information. The hearing officer normally did not consider information not available at the hiring stage, see Hrnris v. State, Pub. Emps. Relations Com’n, 568 So.2d 475, 478 (Fla. 1st DCA 1990), but decided to consider this supplemental information because Dr. Fuqua was not granted an interview at which he could have provided it.