OSTERHAUS, J.
Capital City Bank appeals a final order from the Department of Environmental *362 Protection issuing an after-the-fact permit to Franklin County to construct a revetment along County Road 370 on Alligator Point. The Bank owns property across the street from the proposed construction and argues that the County failed to meet statutory siting requirements related to protecting property adjacent to a revetment. It challenges the facts found in the recommended order of the Administrative Law Judge (ALJ), and the agency’s final order adopting those facts, as being unsupported by competent, substantial evidence. We disagree and affirm the final order.
This Court reviews challenges to the ALJ’s findings of facts by determining whether those findings are supported by competent, substantial evidence. See § 120.68(7)(b), Fla. Stat. (2014); Peace River/Manasota Regional Water Supply Auth. v. IMC Phosphates Co., 18 So.3d 1079, 1082 (Fla. 2d DCA 2009). Here, the Bank argues that requirements in § 161.053(1)(a), Florida Statutes, for special siting and design considerations protecting adjacent properties from construction projects seaward of the Coastal Construction Control Line (CCCL) weren’t met. The Bank cites administrative rules requiring the Department to deny applications that would result “in a significant adverse impact” to adjacent structures in the area. See Fla. Admin. Code Rule 62B-33.005(3)(a) (2007). In the Bank’s view, the County’s failure to address the requirements in its application should have foreclosed approval of the after-the-fact permit.
But the record refutes the Bank’s argument. Contrary to the Bank’s position, it was not error for the ALJ to rely on evidence gathered at the hearing, as well as that provided in the County’s application, in formulating its recommendation on the permit. See McDonald v. Dep’t of Banking & Fin., 346 So.2d 569, 584 (Fla. 1st DCA 1977) (superseded by statute on other grounds). And the Department was likewise entitled to rely on expert testimony presented at the hearing in formulating final agency action. See Hamilton County v. Dep’t of Envtl. Reg., 587 So.2d 1378, 1387-88 (Fla. 1st DCA 1991). Among the evidence, the County offered the testimony of a coastal engineer expert who had worked many major projects in the area over the years, and who addressed the adverse impact of the new revetment after visiting the site “dozens of times.” The expert’s opinion was that the new revetment would have no adverse impact on the old revetment, or on adjacent properties. He testified that there would be no measurable difference between the old and new revetments; that they would jointly present a continuous coastal armoring structure for 2,800 feet protecting County Road 370; and that he had not observed any visible erosion to County Road 370 in the ten years since the two revetments had been placed there. The ALJ favored this testimony over the testimony of the Bank’s expert who inspected the site once just prior to the hearing. And it is not this Court’s role to re-weigh the evidence when reviewing findings of fact. See Stinson v. Winn, 938 So.2d 554, 555 (Fla. 1st DCA 2006).
Thus, we find no error in the ALJ’s conclusion that the new revetment satisfied legal siting, design, and protection criteria; the final order approving the permit is supported by competent, substantial record evidence.
AFFIRMED.
ROBERTS, C.J. and WETHERELL, J., concur.