834 So.2d 903 (2003)
James M. McMILLAN, Appellant,
v.
BROWARD COUNTY SCHOOL BOARD, Appellee.
No. 4D02-404.
District Court of Appeal of Florida, Fourth District.
January 2, 2003.
Mark F. Kelly of Kelly & McKee, P.A., Tampa, for appellant.
Carmen Rodriguez of Carmen Rodriguez, P.A., Miami, for appellee.
PER CURIAM.
James McMillan timely appeals from a final order of the Broward County School Board that rejected the recommended order of the administrative law judge finding that McMillan was not subject to discipline for immorality, misconduct in office and incompetency.
*904 McMillan is a high school baseball coach. The School Board filed an administrative complaint alleging that McMillan was aware of and condoned hazing while supervising the school's baseball team during a trip to Orlando. After an evidentiary hearing, the administrative law judge made extensive findings of fact and concluded in paragraph forty-two that the evidence did "not establish that [McMillan] knew or had reason to know that hazing was about to occur or that hazing had occurred." The School Board rejected this finding, characterizing paragraph forty-two as a conclusion of law. The School Board then proceeded to discipline McMillan because the hazing occurred "while under Respondent's watch" on the trip to Orlando.
We agree with appellant that the quoted portion of paragraph forty-two is a finding of fact. An administrative agency may not reject a hearing officer's findings of fact, unless it first determines that they were not based on competent, substantial evidence, or that the proceedings before the hearing officer did not comply with the essential requirements of law. See § 120.57(1)(l), Fla. Stat. (2001); Greseth v. Dep't of Health & Rehabilitative Servs., 573 So.2d 1004, 1006 (Fla. 4th DCA 1991). An "agency's responsibility to determine if substantial evidence supports the hearing officer's conclusions cannot be avoided by merely labeling contrary findings as `conclusions of law.'" Greseth, 573 So.2d at 1006. The School Board was bound by the hearing officer's finding that the evidence did not establish that McMillan "knew or had reason to know that hazing was about to occur or that hazing had occurred." There was "competent, substantial evidence" to support the finding. Therefore, McMillan could not be subject to discipline for the hazing itself.
We remand to the agency for further proceedings. If McMillan is subject to any discipline at all, it is based on his response to the situation after the child complainant told him on the Monday evening of the trip about the hazing.
REVERSED AND REMANDED.
STONE, WARNER and GROSS, JJ., concur.