881 So.2d 1204 (2004)
Nathaniel PACKER, Appellant,
v.
ORANGE COUNTY SCHOOL BOARD, Appellee.
No. 5D03-1213.
District Court of Appeal of Florida, Fifth District.
September 17, 2004.
*1205 Tobe Lev of Egan, Lev & Siwica, P.A., Orlando, for Appellant.
James G. Brown of Ford & Harrison, LLP, Orlando, for Appellee.
THOMPSON, J.
Nathaniel Packer appeals an order by the Orange County School Board ("school board") terminating his employment. We reverse and remand with directions that the administrative law judge's ("ALJ") recommended order be adopted as the final agency order.
As a result of incidents with students, Packer, a physical education teacher, was issued a directive to report physical confrontations and to avoid the appearance of intimidation. After the directive was issued, the school board filed an administrative complaint against Packer alleging that he struck and/or shoved a student, R.S., without a lawful purpose and that Packer's actions were sufficient to terminate Packer's employment with the county. The incident occurred as R.S. tried to obtain more of the candy that Packer was passing out to his students.
After an administrative hearing, an ALJ issued an order recommending that the school board enter a final order finding Packer not guilty of the acts and omissions alleged in the administrative complaint and recommending that Packer be reinstated to his teaching position. The ALJ determined *1206 that the only evidence that Packer's force was excessive was the testimony of a school board witness which was "inconsistent and less than credible and persuasive." The ALJ found:
4. R.S. ignored Respondent's [Packer's] instructions and persisted in his attempt to take candy from Respondent. At that point, R.S. was a disruptive student. Respondent told R.S. to "back off," but R.S. persisted. R.S. put his hands on Respondent's hands and in the candy in an attempt to reach the candy. At the same time, a group of students rushed towards Respondent to receive candy. The group of students were also disruptive.
5. Respondent tried to separate himself from R.S. at the same time that Respondent backed away from the onrushing group of students. Respondent touched R.S. on the shoulder with an open hand and pushed R.S. away from Respondent. Respondent was neither angry nor agitated. The force that Respondent applied to R.S., caused R.S. to take a step or two backward into the adjacent lockers but did not injure R.S. or inflict pain on R.S. R.S. did not fall down.
The ALJ determined:
23. The written directive was issued on May 18, 1999, also prohibits Respondent from verbally intimidating a student. Respondent's instruction for R.S. to "back off" did not verbally intimidate R.S. R.S. ignored all verbal instructions from Respondent and persisted in his physical pursuit of candy leaving Respondent with little alternative but to physically separate from R.S.
44. Petitioner failed to show by a preponderance of the evidence that the force used by Respondent on November 14, 2001, was unreasonable and undertaken for an unlawful purpose. The force used by Respondent was reasonable under the circumstances and undertaken for the lawful purpose of maintaining order and protecting the physical safety of other students.
After the ALJ issued its recommendations, the school board drafted exceptions to the ALJ's recommended order and modified Findings of Fact 4 and 5:
The school board has modified the ALJ's Finding of Fact No. 4 to delete any finding that R.S. or the other students were disruptive. Neither Respondent nor anyone else testified that R.S. or the students were disruptive. The ALJ's Finding of Fact in this regard is not supported by competent substantial evidence.
The School Board has modified the ALJ's Finding of Fact No. 5 to delete the ALJ's finding that R.S. was not injured or had pain inflicted upon him because it is not supported by competent substantial evidence and is directly contrary to R.S.'s testimony that it hurt. The School Board has made an additional finding that Respondent admitted that he was wrong for touching R.S. and that Respondent was not trying to hurt R.S. because Respondent testified to this fact.
Thereafter, the school board terminated Packer's employment.
On appeal, Packer contends that the school board abused its discretion when it rejected the ALJ's fact findings. We agree. An administrative agency may not reject a hearing officer's findings, unless it first determines that they were not based on competent, substantial evidence, or that the proceedings before the hearing officer did not comply with the essential requirements of law. McMillan v. Broward County School Bd., 834 So.2d 903 (Fla. 4th DCA 2003); see also Gross v. Department of Health, 819 So.2d 997 (Fla. *1207 5th DCA 2002). Furthermore, when determining whether to reject or modify the findings of fact in a recommended order, the agency is not permitted to weigh the evidence, judge the credibility of the witnesses, or interpret the evidence to fit its ultimate conclusions. Gross, 819 So.2d at 1001. "In summary, if there is competent substantial evidence to support the findings of fact in the record ... the agency may not reject them, substitute its findings, or make new findings." Id.; see also Miles v. Nassau County School Bd., 824 So.2d 260 (Fla. 1st DCA 2002) (reversing order rejecting ALJ's findings that no inappropriate touching occurred where ALJ stated a number of reasons for rejecting the allegations of the alleged victims and where finding was based on competent, substantial evidence).
In the instant case, several students who were witnesses to the incident testified at the administrative hearing, but provided inconsistent testimony. There was testimony that students were crowding Packer in a small locker area to receive candy and that R.S. persisted in attempting to take candy from Packer after Packer told R.S. that he could not have any more. E.S. testified that Packer pushed R.S. on the shoulder and that R.S. took a couple of steps back because he was in shock. L.P. testified that Packer moved his fist back about six inches and touched R.S.'s chest. L.P. stated that R.S. took a step backwards and did not appear to be in pain. E.M. testified that R.S. fell to the floor after Packer hit him. F.D. testified that R.S. was "fooling around" and that Packer just touched R.S. on his arm and told him to calm down.
Where reasonable people can differ about the facts, an agency is bound by the hearing officer's reasonable inference based on the conflicting inferences arising from the evidence. Greseth v. Department of Health and Rehabilitative Services, 573 So.2d 1004, 1006-1007 (Fla. 4th DCA 1991). Tedder v. Florida Parole Com'n., 842 So.2d 1022 (Fla. 1st DCA 2003), is also instructive:
Factual issues susceptible of ordinary methods of proof that are not infused with policy considerations are the prerogative of the hearing officer as the finder of fact.... It is the hearing officer's function to consider all the evidence presented, resolve conflicts, judge credibility of witnesses, draw permissible inferences from the evidence, and reach ultimate findings of fact based on competent, substantial evidence.... If, as is often the case, the evidence presented supports two inconsistent findings, it is the hearing officer's role to decide the issue one way or the other. The agency may not reject the hearing officer's finding unless there is no competent, substantial evidence from which the finding could reasonably be inferred. The agency is not authorized to weigh the evidence presented, judge credibility of witnesses, or otherwise interpret the evidence to fit its desired ultimate conclusion.

Id. at 1025 (citing Heifetz v. Dep't of Bus. Reg., 475 So.2d 1277, 1281 (Fla. 1st DCA 1985)) (emphasis supplied).
The school board contends that it properly rejected the ALJ's findings because they overrode the school board's policies regarding its responsibility to ensure the safety of its students. The cases the school board cites are distinguishable because in those cases, the hearing officers actually found that there was bad conduct on the part of the employee, but determined that the employee was not subject to penalty. In those instances, the district courts held that policy determinations can govern the agencies' decisions in rejecting or following the ALJ's recommendations. See Goss v. District School Bd. of St. Johns, 601 So.2d 1232 (Fla. 5th DCA 1992) (affirming school board's rejection of *1208 ALJ's determination that the school bus driver, who had been provoked by students, was not guilty of misconduct where ALJ found that driver swerved 10 inches over center line in road while yelling at student on sidewalk); see also Purvis v. Marion County School Bd., 766 So.2d 492 (Fla. 5th DCA 2000) (affirming school board's rejection of ALJ's recommended penalty where the ALJ found that teacher had conducted himself inappropriately in public place, grabbed bar patron by face, resisted arrest, and testified falsely at trial); Johnson v. School Bd. of Dade County, Fla., 578 So.2d 387 (Fla. 3d DCA 1991) (affirming school board's determination that teacher had been insubordinate where hearing officer found no insubordination but that teacher repeated conduct previously prohibited by superiors); Schrimsher v. School Bd. of Palm Beach County, 694 So.2d 856 (Fla. 4th DCA 1997) (affirming school board's rejection of recommended penalty where it was undisputed that administrator accepted gifts from, and became personally involved with, persons with whom school board contracted); Winters v. Florida Bd. of Regents, 834 So.2d 243 (Fla. 2d DCA 2002) (affirming school board's penalty where it was undisputed that employee had breached employment contract by providing false information on application).
In the instant case, the ALJ determined that Packer had little alternative but to separate from R.S. as he was being rushed by (candy-crazed) children. The directive issued to Packer by the school board prohibited:
Touching a student in a manner that serves no education or lawful purpose which may encourage the appearance or use of force.
The ALJ addressed the question whether Packer touched R.S. for a lawful purpose:
In absence of a showing of unreasonable force and unlawful purpose, the actions of the Respondent did not constitute misconduct in office, gross insubordination, willful neglect of duty, or conduct unbecoming. Respondent did not violate the terms of the collective bargaining agreement, and Petitioner does not have just cause within the meaning of Section 231.36(1)(a) to dismiss Respondent.
Although no witness used the term, "disruptive," the situation in the locker room was clearly disruptive. Further, although Packer testified, "Like I said, I know I'm wrong for touching, but I wasn't trying to like they say, I tried to hurt [R.S.]," Packer specifically testified that he did not hit R.S., and Packer did not admit that his conduct was inappropriate under the circumstances.
It was improper for the school board to reject the ALJ's findings and credibility determinations because they are the prerogative of the hearing officer. The school board contends that, "Once an improper touching was established, the School Board could determine if its prior directives, reprimands and rules and regulations were violated," but the ALJ made the contrary finding that there was no improper touching and that Packer touched R.S. for a lawful purpose. The ALJ's findings were supported by competent, substantial evidence, and the ALJ findings were of a character not infused with overriding policy considerations as in for example, Goss. Therefore, we reverse and remand with instructions that the ALJ's recommended order be adopted as the final agency order.
REVERSED and REMANDED with directions.
PALMER and MONACO, JJ., concur.