938 So.2d 554 (2006)
STACY STINSON, Appellant,
v.
JOHN L. WINN as Commissioner of Education, Appellee.
Case No. 1D06-0053.
District Court of Appeal of Florida, First District.
Opinion filed August 22, 2006.
Mary F. Aspros of Meyer and Brooks, P.A., Tallahassee, for Appellant.
Ron Weaver of the Law Office of Ron Weaver, Douglasville, Georgia, and Ronald G. Stowers, Florida Department of Education, Tallahassee, for Appellee.
PER CURIAM.
Stacy Stinson, a teacher in the Brevard County School District, appeals from a final order of the Education Practices Commission suspending her teaching certificate for two weeks and placing her on probation for three years. We conclude that the Commission improperly rejected or modified a number of the pivotal factual findings and legal conclusions in the administrative law judge's recommended order. Accordingly, we reverse.
In early 2005, the Commission filed an administrative complaint alleging that Stinson had impermissibly provided answers and other inappropriate assistance to students during the March 2003 Florida Comprehensive Assessment Test ("the FCAT"). Forty-two students' test scores were ultimately invalidated because of the alleged improper assistance. Following a formal administrative hearing, the administrative law judge rejected as not credible the testimony of all but one of the Commission's student witnesses, all of who had claimed that Stinson had helped them on the FCAT. The judge accepted as credible the testimony of Stinson's lone student witness, who contradicted the testimony of the Commission's witnesses. Based on this witness' testimony, the judge ruled that the Commission had not proven the allegations in the complaint by clear and convincing evidence. He recommended that the complaint be dismissed, that a final order be entered finding Stinson not guilty of the violations, and that no penalty be imposed against her teaching certificate.
Subsequently, the Commission held a hearing and entered a final order. In its final order, it rejected or modified a number of the judge's findings of fact and conclusions of law. The Commission found that the testimony of its own student witnesses met the clear and convincing standard of proof and it rejected the judge's factual findings as not supported by competent substantial evidence. On this basis, it rejected the judge's recommendation.
We agree with Stinson that the Commission improperly modified or rejected the judge's primary findings of fact. An agency must accept the administrative law judge's factual findings unless they are not supported by competent substantial evidence. See § 120.57(1)(l), Fla. Stat. (2003); Strickland v. Fla. A&M Univ., 799 So. 2d 276 (Fla. 1st DCA 2001). In the present case, there was competent substantial evidence to support the judge's findings of fact, notwithstanding the fact that this evidence consisted of the testimony of only one witness, the sole student who testified for Stinson. Credibility of the witnesses is a matter that is within the province of the administrative law judge, as is the weight to be given the evidence. The judge is entitled to rely on the testimony of a single witness even if that testimony contradicts the testimony of a number of other witnesses.
If, as in this case, the issue is primarily one of the weight or credibility of the witnesses, it does not matter that there might be competent substantial evidence to support a contrary view of the evidence. See FUSA, FTP-NEA v. Hillsborough Comm. Coll., 440 So. 2d 593 (Fla. 1st DCA 1983). Because the judge's findings were supported by competent substantial evidence, the Commission could not reject or modify them as was done in the Final Order.
For these reasons, we reverse the final order of the Education Practices Commission and remand the case for the entry of an order dismissing the complaint and finding Stinson not guilty, consistent with the recommendation of the administrative law judge.
Reversed.
BENTON, PADOVANO, and LEWIS, JJ., CONCUR.
NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED.