939 So.2d 1146 (2006)
JOSE G. PUIG, JR., P.E., Appellant,
v.
FLORIDA ENGINEERS MANAGEMENT CORP., Appellee.
Case No. 3D06-298.
District Court of Appeal of Florida, Third District.
Opinion filed October 18, 2006.
Reiner & Reiner and Samuel B. Reiner, II, for appellant.
Bruce A. Campbell (Tallahassee), for appellee.
Before COPE, C.J., and FLETCHER and ROTHENBERG, JJ.
FLETCHER, Judge.
Jose G. Puig, Jr., P.E. (Puig) appeals from a final order of the Florida Engineers Management Corporation (FEMC) which rejected an administrative law judge's recommendation that an administrative complaint against Puig be dismissed. We reverse.
On September 30, 2004, FEMC filed an administrative complaint against Puig, a licensed engineer, alleging violations of sections 471.033(1)(a)&(j) and 455.227(1)(a)&(j), Florida Statutes (2004), which prohibit sealing plans not prepared by, or under the supervision of, the engineer and assisting an unlicensed person in the practice of engineering. The specific charges against Puig were that he sealed plans to two projects under contract to Orlando Naranjo, whose license to practice engineering had been revoked in September of 2001. Puig denied the charges against him.
At an evidentiary hearing before an administrative law judge, Puig testified that he assumed the role of engineer of record on the Tora Emes and Manatee Village projects as a favor to Naranjo and without compensation. Puig affirmed that he reviewed the work done prior to his involvement, directed and instructed Naranjo and his employees in drafting work, and oversaw completion of the design work before finally affixing his signature and seal to the plans. He admitted, however, that all documents relating to the projects remained in Naranjo's offices which were located next to his own offices.
The administrative law judge issued a detailed order concluding that Puig "affirmatively established, through his own credible testimony, which was corroborated by the testimony of other witnesses, that the plans he signed and sealed . . . were prepared under his responsible supervision, direction, and control," and "he did not do anything intended to aid or assist in the unlicensed practice of engineering." He, therefore, recommended that the complaint be dismissed. Upon review, FEMC rejected this recommendation and imposed penalties, including an administrative fine and costs.
A hearing officer's findings based on competent, substantial evidence may not be rejected by an administrative agency. Packer v. Orange County School Bd., 881 So. 2d 1204 (Fla. 5th DCA 2004). Nor may the agency avoid this responsibility by labeling the findings as conclusions of law. McMillan v. Broward County School Bd., 834 So. 2d 903 (Fla. 4th DCA 2003). Here, FEMC objected to the finding that Puig did not intend to assist Naranjo in the unlicensed practice of engineering deeming this to be a conclusion of law not supported by the language of Sections 471.033 and 455.227. Whether or not Puig intended to violate the statute, however, is not the point at issue. The only acts upon which an alleged violation of the statutes is predicated are the signing and sealing of the plans for the two projects contracted to Naranjo. The hearing officer, in its role as a finder of fact and based on competent substantial evidence, determined that the plans were properly sealed under Puig's active supervision and control when he assumed the role of engineer of record on the two projects. Because the acts, upon which the violations were predicated, were disproved, Puig could not be found to be in violation of the statutes.
We, therefore, reverse and remand with instructions that the administrative law judge's recommended order be approved.
NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DISPOSED OF.