SUAREZ, C.J.
Thomas Amador appeals from the final order of the School Board of Monroe County rejecting the findings of fact and conclusions of law of the Administrative Law Judge (“ALJ”) and terminating Ama-dor’s employment. We reverse. The record shows that the findings of fact and conclusions of law of the Administrative Law Judge were supported by competent, substantial evidence. As such, the School Board cannot override the findings and conclusions of the Administrative Law Judge.
In January 2012, the Superintendent of Schools for Monroe County filed an administrative Complaint against Thomas Ama-dor. The complaint did not allege any violation of, nor did it attach a copy of, the applicable collective bargaining agreement (“CBA”), The administrative Complaint instead alleged violations of two School Board of Monroe County (“School Board”) policies, policy item 4120, Employment of Support Staff, and policy item 4210, which *855 lists-Standards of Ethical Conduct, Section 4120[1] provides a description of what constitutes a “regular” vs “support” employee and how the Superintendent is to regulate that employment. Policy 4210[2] establishes standards of ethical conduct “for all support members in the District who have direct access to students.” The Complaint .alleged that Amador violated policy 4120 by “willful violation of the policies of the School Board, including School Board Policy 4210 .... ” Regarding policy 4210, the Superintendent specifically alleged Ama-dor violated items (I), (L), and (Q).
Policy 4210 by its own terms, applies only to Support Staff Members who have direct access to students. Policy item 4210 (I) provides that a support staff member may not use institutional privileges for personal gain or advantage; Policy item 4210 (L) provides that the support staff member must maintain honesty in all dealings; Policy item 4210 (Q) provides that the support staff member may not submit fraudulent information on any document in connection with employment. The Superintendent alleged in the Complaint that Amador violated these specific ethical standards by failing to log accurate work hours and work locations thereby stealing time, inappropriately ' using a District-owned vehicle for personal use (only one incident was documented), and providing fraudulent information in vehicle use/mileage logs, again by failing to log accurate hours and travel locations.
Amador timely requested a formal administrative hearing, and the matter was referred to the Division of Administrative Hearings (“DOAH”). At the hearing, the ALJ admitted evidence, and heard argument and testimony from both parties. The ALJ issued an Order recommending dismissal of the Complaint because there was no record evidence of the terms or provisions of an applicable collective bargaining agreement. In the alternative, the ALJ recommended dismissal, specifically finding that no evidence was produced at the hearing to prove that Amador had “direct access” to the students as was required in order to have the provisions of Policy 4210 apply to him. The ALJ stated specifically:
Absence of record evidence concerning .the terms of the collective bargaining agreement required the dismissal of the Complaint. The undersigned further concluded, in the alternative, that dis *856 missal of the Complaint was warranted in light of Petitioner’s failure to demonstrate the applicability of School Board Policy 4210—a policy that, by its express terms, applies only to support staff members with direct access to students. (No evidence was adduced during the final hearing that would support a finding that Respondent had such direct access.) In light of these deficiencies, the undersigned found it unnecessary—and therefore declined—to make specific findings concerning the underlying factual allegations.
And,
The record is devoid of evidence that Respondent has direct access to students, and the nature of Respondent’s position (an air-conditioning mechanic) does not permit the undersigned to infer as much; therefore, Petitioner has failed to demonstrate that Respondent is subject to the proscriptions of School Board Policy 4210.
6. In light of these unique circumstances—i.e., Petitioner has not proceeded against Respondent under the terms of the collective bargaining agreement (as it should have), but rather, under a school board policy that applies only to employees that have direct access to students—it is unnecessary to reach the merits of the underlying allegations of misconduct. Petitioner bears the burden of proof in this proceeding.
Because of the lack of evidence of the CBA or “direct access,” the ALJ choose not to address the factual allegations in the Complaint. The ALJ recommended that the Complaint against Amador be dismissed and Amador be immediately reinstated to his job. The School Board remanded the Recommended Order to DOAH with instructions that the ALJ make findings of fact and reach the merits based on the record evidence submitted by the parties, and submit an Amended Recommended Order based on those findings of fact.
On remand, the ALJ reviewed the entire record and transcripts from the previous hearing and found, once again, that the record was devoid of any evidence that Amador’s air-conditioning mechanical employment afforded him “direct access” to students as that phrase is used in School Board policy 4210. The ALJ concluded that
Assuming for the sake of argument that the CBA’s omission from the record is of no consequence, the rule under which Petitioner seeks to discipline Respondent (School Board Policy 4210) applies, by its express terms, only to support employees who have direct access to students. The record is devoid of evidence that Respondent has such access, and the nature of his position (an air-conditioning mechanic) does not permit the undersigned to infer as much. Petitioner has, therefore, failed to demonstrate that Respondent is subject to the proscriptions of School Board Policy 4210.
Regarding the fraudulent documentation allegation, the ALJ further concluded that the record evidence,
demonstrates, at most, that Respondent maintained inconsistent and incomplete records, took a late break on one occasion, and spent an extra 15 minutes away from the work site on a day— October 18, 2011, the date of his grievance hearing—when no repair tasks were to be performed. Petitioner has not proven, however, that these acts, while arguably insubordinate (a charge not brought in this proceeding), were fraudulent, dishonest, or constituted a misuse of institutional privileges for personal gain or advantage.
Once again, the ALJ recommended that the School Board enter a Final Order dis *857 missing the administrative complaint and reinstating Amador. The Superintendent submitted exceptions to the Recommended Order and the Recommended Order on Remand arguing, based on the same record and facts as the ALJ, that the ALJ had arrived at the wrong factual and legal conclusions. Amador filed a response. The Monroe County School Board rejected the ALJ’s Recommended Order and findings of fact and granted all of the exceptions filed by the Superintendent and terminated Amador’s employment.
We review the Board’s final order pursuant to section 120.68, Florida Statutes (2014). The Board may not reject a hearing officer’s findings unless it first determines that they were not based on competent, substantial evidence, or that the proceedings before the hearing officer did not comply with the essential requirements of law. See McMillan v, Broward Cnty. Sch. Bd., 834 So.2d 903 (Fla. 4th DCA 2003); Gross v. Dep’t of Health, 819 So.2d 997 (Fla. 5th DCA 2002). Furthermore, when determining whether to reject or modify the findings of fact in a recommended order, the agency is not permitted to weigh the evidence, judge the credibility of the witnesses, or interpret the evidence to fit its ultimate conclusions. Gross, 819 So.2d at 1001. “In summary, if there is competent substantial evidence to support the findings of fact in the record ... the agency may not reject them, substitute its findings, or make new findings.” Id. Furthermore, factual issues susceptible of ordinary methods of -proof that are not infused with policy - considerations are the prerogative of the hearing officer as the finder of fact; it is the hearing- officer’s function to consider all the evidence presented, resolve conflicts, judge credibility of witnesses, draw permissible inferences from the evidence, and reach ultimate findings of fact based on competent, substantial evidence. Tedder v. Fla. Parole Comm’n, 842 So.2d 1022, 1025 (Fla. 1st DGA 2003). Thus, if the evidence presented supports two inconsistent findings, as it did in this case, it is the ALJ’s role to decide the issue one way or the other, and the agency may not reject the ALJ’s finding or otherwise interpret the evidence to fit its desired ultimate conclusion unless there is no competent, substantial evidence from which the finding could reasonably be inferred. See id.; Bridlewood Grp. Home v. Agency for Persons with Disabilities, 136 So.3d 652, 657 (Fla. 2d DCA 2013).
in its exceptions to the Recommended Order and Recommended Order on Remand from the ALJ, the School Board concluded that, given the same record evidence, the ALJ arrived at incorrect legal conclusions. On the same record, it concluded that Amador did have “direct access” to the students[3] and concluded that Amador’s actions demonstrated willfulness, fraud, and intent to steal where, by contrast, based on the same record, the *858 ALJ concluded that the evidence more likely reflected sloppy recordkeeping. Where reasonable people can differ about the facts, however, an agency is bound by the hearing officer’s reasonable , inferences based on the conflicting inferences arising from the evidence, Greseth v. Dep’t of Health &. Rehab. Servs. 573 So.2d 1004, 1006-1007 (Fla. 4th DCA 1991). See Resnick v. Flagler Cnty. Sch. Ed., 46 So.3d 1110, 1112-13 (Fla. 5th DCA 2010) (“In a fact-driven case such as, this, where an employee’s conduct is at issue,, great weight is given to the findings of the [ALJ], who has the opportunity to hear the witnesses’ testimony and evaluate their credibility.”); Stinson v. Winn, 938 So.2d 554, 555 (Fla. 1st DCA 2006) (“The [ALJ] is entitled to rely on the testimony of a single witness even if that testimony contradicts the testimony of a number of other witnesses.”).
Further,
[w]e recognize the temptation for agencies, viewing the evidence as a whole, to change findings made by a hearing officer that the agency does not agree with. As an appellate court, we are sometimes faced with affirming lower tribunal rulings because they are supported by competent, substantial evidence even though, had we been the trier of fact, we might have reached an opposite conclusion. As we must, and do, resist this temptation because we are not the trier of fact, so too must an agency resist this temptation since it is not the trier of ordinary factual issues not requiring agency expertise.
Heifetz v. Dep’t of Bus. Regulation, Div. of Alcoholic Beverages & Tobacco, 475 So.2d 1277, 1282 (Fla. 1st DCA 1985). We would add that this is not a case where an agency requires deference based on its own expertise; such deference is not applicable to disciplinary proceedings based on an alleged breach of a broad standard of conduct, such as Amador is alleged to have violated. See Gross, 819 So.2d at 1004. Thus, upon careful review of the entire record we conclude that competent substantial evidence supports the ALJ’s findings and recommendation, We -reverse the School Board’s Final Order and remand for entry of an order adopting the ALJ’s Recommended Order on Remand.
Reversed and remanded.
LAGOA, J,, concurs.

. School Board Policy 4120, Employment of Support Staff, provides, in part:
Support employees include all those employees who work in noninstructiónal, non-contracted roles ,.. subject to dismissal transfer, promotion, or resignation and the provisions of the collective bargaining agreement, (emphasis added). 4* * *
Any support staff member employed by the Board who shall be guilty of any willful violation of the policies of the Board shall be guilty of gross insubordination and shall be subject to dismissal or such other lesser penalty as the Board may prescribe, (emphasis added).

. School Board Policy 4210, Standards of Ethical Conduct provides, in relevant part (specifically, subsections I, L, and Q):
An effective educational program requires the services of men and women of integrity, high ideals, and human understanding. The School Board expects all support staff members to maintain and promote these essentials, Furthermore, the School Board hereby establishes the following as the standards of ethical conduct for all support staff members in the, District who have direct access to students: A support staff member with direct access to students shall:
I. not use institutional privileges for personal gain or advantage.
L. maintain honesty in all dealings.
Q. not submit fraudulent information on any document in connection with employment.
(emphasis added)

. The School Board argued on appeal that the evidence can only be interpreted to conclude that Amador's job put him in “direct contact” with students pursuant to section 1012.315, Florida Statutes, Level 2 screening under the Jessica Lunsford Act, and thus Policy 4120 and 4210 applies to Amador, who works on air-conditioning and refrigeration units on/inside school grounds. We note from the record that this argument was not pled or raised below in either of the two reviews presented to the ALJ, and only mentioned for the first time in the School Board’s Exceptions to the Recommended Order on Remand. We thus decline to consider it for the first time on appeal. See Vorbeck v. Betancourt, 107 So.3d 1142, 1147-48 (Fla. 3d DCA 2012). As Florida courts have long recognized, “[i]n order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation.” Sunset Harbour Condo. Ass'n v. Robbins, 914 So.2d 925, 928 (Fla. 2005) (quoting Tillman v. State, 471 So.2d 32, 35 (Fla. 1985)).